

# CAUSE NO. 12-15-00109-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **LEOPOLDO TOVAR, APPELLANT** | } | **APPEALED FROM 3RD** |
| **V.** | } | **DISTRICT COURT IN AND FOR** |
| **THE STATE OF TEXAS, APPELLEE** | } | **ANDERSON COUNTY, TEXAS** |

### *PER CURIAM ORDER ON ABATEMENT AND REMAND*

Pursuant to a plea agreement with the State, Appellant, Leopoldo Tovar, pleaded guilty to driving while intoxicated (third or more) and was placed on community supervision for ten years. Subsequently, on the State's motion, the trial court revoked Appellant's community supervision and sentenced him to imprisonment for ten years. Appellant now appeals "from the judgment of conviction and sentence" for the revocation of his community supervision. After examining the appellate record, we abate the appeal and remand the case for further proceedings. *See* TEX. R. APP. P. 25.2(a)(2), 34.5(c)(2), 37.1; ***Dears v. State***, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

### The Trial Court's Certification

A trial court is required to enter a certification of a defendant's right of appeal in every case in which it renders a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). In this case, the trial court's certification is dated April 13, 2015, and is signed by Appellant and his counsel. The certification states that "this criminal case [ ] is a plea-bargain case, and the defendant has NO right of appeal."

### The Record

The clerk's record includes a document entitled "Felony Agreed Plea Recommendation" signed by Appellant and his counsel. The document reflects that it was signed in connection

with Appellant's guilty plea to the charged offense–"driving while intoxicated 3rd or more." The agreed sentencing recommendation was "10 years probated for 10 years." The judgment of conviction shows that the trial court sentenced Appellant in accordance with the plea agreement, and the trial court certification states that the case "is a plea-bargain case, and the defendant has NO right of appeal." Other documents in the clerk's record indicate that the State filed a motion to revoke Appellant's community supervision and that the trial court granted the motion. The reporter's record has not been filed.

## Applicable Law

According to Texas Rule of Appellate Procedure 25.2(a)(2), a plea bargain case is one in which a defendant's plea was guilty or nolo contendere. However, the clerk's record shows that this is an appeal from a revocation of community supervision. Although the judgment revoking Appellant's community supervision includes a finding that Appellant pleaded "true" to all but one of the State's allegations in its motion to revoke, nothing in the record indicates that this was a negotiated plea. Moreover, Rule 25.2(a) does not apply to negotiated pleas in revocation proceedings. *See Dears*, 154 S.W.3d at 613. Therefore, because the underlying case is a revocation of community supervision, it is not a plea bargain case.

Furthermore, a defendant may appeal his conviction and sentence at the time he is placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b) (West Supp. 2014). A defendant also may appeal the revocation of his community supervision if, as here, his community supervision has been revoked and he is "called on" to serve a sentence of confinement or incarceration. *See id.* Thus, for purposes of appeal, the revocation is a separate proceeding from the conviction and sentencing. *See id.*

## Abatement

Based on our review of the record, it does not appear that this case is a plea bargain case. Consequently, it appears that the trial court's certification is defective. *See Dears*, 154 S.W.3d at 614 (holding that a defective certification includes one that is correct in form but, when compared to the record, proves to be inaccurate). Accordingly, we abate the appeal and remand the case to the trial court to conduct a hearing, if necessary, to reconsider its April 13, 2015 trial court certification.

We further direct that, after making its determination, the trial court re-certify whether Appellant has the right to appeal. The trial court shall cause any hearing to be transcribed, make findings of fact and conclusions of law supporting its determination, and issue any orders necessary for resolution of the issue. The trial court's findings of fact and conclusions of law, the re-certification, and any orders it renders shall be included in a supplemental clerk's record.

The reporter's record of any hearing conducted shall be included in a supplemental reporter's record. The trial court shall, **within thirty days of the date of this order**, cause the clerk of the trial court and the court reporter, if any, to forward to this Court any supplemental record prepared in compliance with this order.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this the 11th day of August 2015, A.D.



CATHY S. LUSK, CLERK
12TH COURT OF APPEALS

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk